**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sueginh W. Atkins; Christopher E. Atkins, | No. CV-09-2264-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Chevy Chase Bank, F.S.B.; Capital One, N.A.; Mortgage Electronic Registration Systems, Inc., | |
| Defendants. | |

On September 19, 2005, plaintiff Sueginh Atkins executed a promissory note evidencing a loan in the amount of $528,853 secured by a deed of trust encumbering real property located at 10316 South 17th Drive, Phoenix, Arizona.[1] The deed of trust identifies Chevy Chase Bank as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.

---

[1] Although Christopher Atkins is also a named plaintiff in this action, Sueginh Atkins is the sole borrower on the note and deed of trust. Mr. Atkins appears to have no interest in the subject property. In the document entitled "Judicial & Administrative Notice" (doc. 19), Mr. Atkins purports to be appointed as Ms. Atkins' "attorney," to manage her interests in the property. Mr. Atkins has no authority to represent her in this case. Only lawyers may represent others in court.

1    Beginning in April 2009, Ms. Atkins is alleged to have defaulted on her repayment obligations under the note and deed of trust. On August 11, 2009, MERS, as beneficiary under the deed of trust, substituted Cal-Western Reconveyance Corporation ("Cal-Western") as successor trustee, and in turn Cal-Western recorded a notice of trustee's sale with the Maricopa County recorder. In response, Ms. Atkins filed this action, broadly asserting claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Truth in Lending Act, 15 U.S.C. § 1601, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, and seeking a temporary restraining order to enjoin the non-judicial foreclosure proceedings. We now have before us plaintiffs' motion for preliminary injunction (doc. 5), defendants' response (doc. 16), and plaintiffs' reply (doc. 19).

A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits of her claims, (2) that she is likely to suffer irreparable injury in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008). Defendants concede the issue of plaintiff's irreparable injury but contend that plaintiff has no likelihood of success on the merits of her claims, and therefore she is not entitled to injunctive relief.

Plaintiff's complaint centers on her argument that there is "no legal evidence on the record that would support assertions or conclusions that Defendant has or acquired legal standing as a holder in due course for adequate value." Complaint ¶ 2. Atkins argues that neither MERS nor Cal-Western have legal standing to invoke the power of sale under the deed of trust. She contends that until defendants produce the original note securing the mortgage, they are without authority to foreclose on the property.

Plaintiff is unlikely to succeed on the merits of her claims. First, she does not dispute that she is in default on her payment obligations under the note and deed of trust. Under the deed of trust provisions, as well as A.R.S. § 33-807(A), the trustee is authorized to invoke the power of sale "after a breach or default in performance of the contract or contracts, for

1  which the trust property is conveyed as security, or a breach or default of the trust deed."
2  A.R.S. § 33-807(A).

3  The named lender and trustee on the deed of trust is Chevy Chase Bank. Response, exhibit 2 (hereinafter "deed of trust"). Defendants allege that in August 2009, Chevy Chase Bank merged with Capital One. Response, exhibit 3. MERS is the named beneficiary under the deed of trust. On August 11, 2009, it substituted Cal-Western as trustee under the deed of trust for purposes of exercising the power of sale. The deed of trust expressly provides that MERS, as beneficiary and nominee for the lender, is authorized to exercise the right to foreclosure. Deed of trust at 3.

Plaintiff presents nothing that calls into question defendants' authority under the deed of trust to exercise the power of sale. The document itself confers that authority. Therefore, plaintiff is unlikely to prevail on her claim that defendants are without authority to invoke the power of sale.

Plaintiff also presents no authority (and we have found none) that would require defendants to produce the original note before exercising their right to foreclose. Courts have consistently rejected this "show me the note" argument to avoid a foreclosure. See Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) and cases cited therein.

Finally, plaintiff's complaint contains only general allegations of statutory violations with no specific factual allegations supporting the claims. To survive a motion to dismiss, a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570, 127 S. Ct. at 1974). Plaintiff's conclusory complaint falls short of alleging sufficient facts to state a claim and is therefore likely subject to dismissal under Rule 12(b)(6), Fed. R. Civ. P.

In sum, we conclude that plaintiff has little likelihood of success on the merits of her claims. As such, plaintiff has failed to demonstrate that she is entitled to injunctive relief.

Therefore, **IT IS ORDERED GRANTING** plaintiffs' motion for extension of time (doc. 18).

**IT IS FURTHER ORDERED DENYING** plaintiffs' motion for preliminary injunctive relief (doc. 5).

We urge plaintiffs to seek the advice of counsel. If they do not have one, they may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-4434.

DATED this 5th day of March, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge